**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                                                     :    Chapter 11
                                                                                  :
BIND THERAPEUTICS, INC.,                                   :    Case No. 16-_____ (_____)
                                                                                  :
           Debtor.                                                        :    Tax I.D. No. 56-2596148
                                                                                  :
---------------------------------------------------------- X
In re:                                                                     :    Chapter 11
                                                                                  :
BIND BIOSCIENCES SECURITY                            :    Case No. 16-_____ (_____)
CORPORATION,                                                    :
                                                                                  :    Tax I.D. No. 26-1513208
           Debtor.                                                        :
                                                                                  :
---------------------------------------------------------- x

**MOTION OF DEBTORS FOR ORDER**
**UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1**
**AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Andrew Hirsch, President and Chief Executive Officer of BIND Therapeutics, Inc., in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "**Hirsch Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

LA\4449280.4

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Hirsch Declaration and is fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order, substantially in the form of <u>Exhibit A</u> attached hereto, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Chapter 11 Cases for procedural purposes only.

## BASIS FOR RELIEF

5. Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint

administration of the estates" of the debtor and such affiliates.  *See* Fed. R. Bankr. P. 1015(b)(4).

Bankruptcy Code Section 101(2), in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

      6.      Further, Local Rule 1015-1 provides:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

Del. Bankr. L.R. 1015-1.

      7.      The Debtors in the Chapter 11 Cases include BIND Therapeutics, Inc. ("**BIND Therapeutics**") and its direct subsidiary, BIND Biosciences Security Corporation ("**BIND Biosciences Security**").  BIND Therapeutics is the direct, sole owner of BIND Biosciences Security.  As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code Section 101(2) and as used in Bankruptcy Rule 1015(b).  Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect both of the Debtors.  The failure to jointly administer these two cases would result in two individual case dockets and, inevitably, would lead to numerous duplicative filings for each issue, which would then be served upon separate service lists.  This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court and the Debtors.

9.     Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed and (b) file the papers in one case rather than in multiple cases.  Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Also, joint administration will ease the burden on the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in supervising these bankruptcy cases.

10.    Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for both of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in both of these cases.

11.    The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it asserts a claim or

4

right.  Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

12. Accordingly, the Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly administered cases be as follows:

```
------------------------------------------------------------ x
In re:                                           :   Chapter 11
                                                 :
BIND THERAPEUTICS, INC., et al.,                 :   Case No. 16-_____ (_____)
                                                 :
        Debtors.¹                                :   (Jointly Administered)
------------------------------------------------------------ x
```

---

[1] The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are: BIND Therapeutics, Inc. (6148) and BIND Biosciences Security Corporation (3208).  The address for the Debtors is 325 Vassar Street, Cambridge, MA 02139.

As reflected in the above caption, footnote 1 will set forth the last four digits of BIND Therapeutics' and BIND Biosciences Security's U.S. tax identification number, and the Debtors' mailing address.

13. The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers and other detail specified by Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.  Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request.  In addition, this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases.  Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

LA\4449280.4

14. In addition, the Debtors request that the Court make a separate docket entry on the docket of BIND Biosciences Security, substantially as follows:

> An order has been entered in this case consolidating this case with the case of BIND Therapeutics, Inc., Case No. 16-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-_____ (___) should be consulted for all matters affecting this case.

15. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

16. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Del. Bankr. L.R. 1015-1. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Indeed, the relief requested herein is commonly granted by numerous courts, including this Court. *See, e.g., In re The Standard Register Company*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del June 5, 2014); *In re Coldwater Creek Inc.*, Case No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014); *In re Tuscany International Holdings (U.S.A.) LTD.*, Case No. 14-10193 (KG) (Bankr. D. Del. Feb. 4, 2014); *In re OnCure Holdings, Inc.*, Case No. 13-11540 (KG) (Bankr. D. Del. June 18, 2013); *In re Otelco Inc.*, Case No. 13-10593 (MFW) (Bankr. D. Del. Mar. 26, 2013); *In re Penson Worldwide, Inc.*, Case No. 13-10061 (PJW) (Bankr. D. Del. Jan. 15, 2013); *In re B456 Sys., Inc.*, Case No. 12-12859 (KJC) (Bankr. D. Del. Oct. 18, 2012); *In re Vertis Holdings, Inc.*, Case No. 12-12821 (CSS) (Bankr. D. Del. Oct. 12, 2012); *In re DDMG Estate,* Case No. 12-12568 (BLS) (Bankr. D. Del. Sept. 12, 2012).

17. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## CONSENT TO JURISDICTION

18. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

19. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' prepetition lender; (c) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (d) the Internal Revenue Service; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) all parties entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the **"Notice Parties"**). The Debtors submit that, under the circumstances, no other or further notice is required.

20. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available by contacting Kathy Bowman, Senior Paralegal, Latham & Watkins LLP, 355 South Grand Avenue, Los Angeles, CA 90071-1560, Kathryn.Bowman@lw.com.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: May 1, 2016<br>Wilmington, Delaware | RICHARDS LAYTON & FINGER |

/s/ *John H. Knight*
John H. Knight (No. 3848)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7512
Facsimile: (302) 498-7512
Email:     knight@rlf.com
          steele@rlf.com

- and -

Peter M. Gilhuly
Kimberly A. Posin
Adam E. Malatesta
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Fax: (213) 891-8763
Email: peter.gilhuly@lw.com
       kim.posin@lw.com
       adam.malatesta@lw.com

Proposed Counsel for Debtors and
Debtors-in-Possession

# EXHIBIT A

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
BIND THERAPEUTICS, INC.,                                     :   Case No. 16-_____ (_____)
                                                             :
      Debtor.                                              :   Tax I.D. No. 56-2596148
                                                             :
------------------------------------------------------------ X
In re:                                                       :   Chapter 11
                                                             :
BIND BIOSCIENCES SECURITY                                    :   Case No. 16-_____ (_____)
CORPORATION,                                                 :
                                                             :   Tax I.D. No. 26-1513208
      Debtor.                                              :
                                                             :
------------------------------------------------------------ :
                                                             x

**ORDER UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1**
**AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of the Debtors for an order, under Bankruptcy Rule 1015 and Local Rule 1015-1, authorizing the joint administration of their Chapter 11 Cases; and the Court having reviewed the Motion and the Hirsch Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

LA\4449280.4

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 16-_____ (___) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The caption of pleadings and other documents filed in the jointly administered cases shall read as follows:

------------------------------------------------------------ x
In re:                                              : Chapter 11
                                                    :
BIND THERAPEUTICS, INC., et al.,[1]                 : Case No. 16-_____ (_____)
                                                    :
             Debtors.                               : (Jointly Administered)
------------------------------------------------------------ x

[1] The Debtors, together with the last four digits of each Debtor's U.S. federal tax identification number, are: BIND Therapeutics, Inc. (6148) and BIND Biosciences Security Corporation (3208). The address for the Debtors is 325 Vassar Street, Cambridge, MA 02139.

As reflected in the above caption, footnote 1 shall set forth the last four digits of BIND Therapeutics' and BIND Biosciences Security's U.S. tax identification number, and the Debtors' mailing address.

4. The caption set forth above shall be deemed to satisfy any applicable requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n).

5. All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of BIND Therapeutics, Case No. 16-_____ (___).

6. A docket entry shall be made in the chapter 11 case of BIND Security Corporation, substantially as follows:

2

An order has been entered in this case consolidating this case with the case of BIND Therapeutics, Inc., Case No. 16-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-_____ (___) should be consulted for all matters affecting this case.

7. Any creditor filing a proof of claim against either of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

9. This Order shall take effect immediately upon entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: Wilmington, Delaware
           _____, 2016

                                                                                                    _____
                                                                                                    UNITED STATES BANKRUPTCY JUDGE