IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :  Chapter 11
                                                           :
DNIB UNWIND, INC. (f/k/a BIND                              :  Case No. 16-11084 (BLS)
THERAPEUTICS, INC.), *et al.*,[1]                          :
                                                           :  (Jointly Administered)
              Debtors.                                     :
                                                           :  **Re: Docket No. 861**
                                                           :
---------------------------------------------------------- x

### ORDER SUSTAINING POST-EFFECTIVE DATE DEBTORS' AND THE DNIB LIQUIDATION TRUST'S OBJECTION TO ADMINISTRATIVE CLAIM FILED BY THE UNITED STATES OF AMERICA

Upon the *Post-Effective Date Debtors' and the DNIB Liquidation Trust's Objection to Administrative Claim Filed by the United States of America* (the "**Objection**");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Objection has been given; and it appearing that the relief requested by the Objection is necessary and appropriate and in the best interests of the Debtors' and the Post-

---

[1] The Post-Effective Date Debtors, together with the last four digits of each Post-Effective Date Debtor's U.S. federal tax identification number, are: DNIB Unwind, Inc. (f/k/a BIND Therapeutics, Inc.) (6148) and DNIB Subsidiary Corporation (f/k/a BIND Biosciences Security Corporation) (3208). The address for the Post-Effective Date Debtors is c/o Development Specialists, Inc., 333 South Grand Avenue, Suite 4100, Los Angeles, CA 90071.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings given to such terms as in the Objection.

Effective Date Debtors' estates and their creditors; and good and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

A. The Claimant was properly and timely served with a copy of the Objection, the Berman Declaration and the Proposed Order under the circumstances of the Chapter 11 Cases;

B. The Claimant has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Objection; and

C. The relief requested in the Objection is in the best interests of the Trust, the Debtors and Post-Effective Date Debtors, their estates, their creditors, and other parties in interest; and it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is SUSTAINED and the relief requested in the Objection is granted as set forth herein.

2. The Disputed Claim is hereby disallowed.

3. The Post-Effective Date Debtors, the Trustee and Prime Clerk are authorized to take all actions necessary and appropriate to give effect to this Order.

4. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Post-Effective Date Debtors or the Trust may have to enforce rights of setoff against the Claimant.

5. Nothing in the Objection or this Order shall be deemed or construed: (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Post-Effective Date Debtors' or the Trust's rights to dispute or otherwise object to any claim on any grounds or basis; (c) to waive or release any right, claim, defense or counterclaim of the Debtors, or to estop the Post-Effective Date Debtors or the Trust from asserting any right, claim, defense

or counterclaim; (d) as an approval or assumption of any agreement, contract or lease, pursuant to Bankruptcy Code Section 365; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of Bankruptcy Code Section 365 or otherwise.

      6.    The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

      7.    The Court retains jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

**Dated: September 25th, 2019**
**Wilmington, Delaware**

           **BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

RLF1 22090187v.1